No. 34,093

H. N. DANIEL, *Appellee*, v. CECIL C. BAKER, MRS. CECIL C. BAKER, *Defendants*, and A. R. MURPHY, *Appellant*.

(86 P. 2d 499)

Opinion filed January 28, 1939.

*C. E. Vance, C. R. Hope* and *A. M. Fleming,* all of Garden City, for the appellant.

*G. L. Light* and *Auburn G. Light,* both of Liberal, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action on two demand promissory notes. Judgment was for plaintiff. Defendant appeals.

The petition alleged the making of the notes on August 25, 1936, the endorsement of them, the presentment and demand of payment

on September 14, 1937, and the failure of the makers or the endorser to pay.

The endorser in his answer admitted the execution and endorsement of the notes and then pleaded a general denial. The answer further pleaded that from the time of the execution of the notes on August 25, 1936, to September 14, 1937, the plaintiff and the makers of the notes and the endorser were residents of and almost constantly in the city of Sublette; that the bank where the demand was to be made was located in Sublette and was open for business; that no difficulty or hardship beset the owners of the notes or made any difficulty in their presenting them for payment.

The reply was a general denial.

The action was submitted to the court without a jury. The court made findings of fact and conclusions of law. There was no dispute about the making of the notes, the date of them, that they were demand notes, the endorsement of them, and that payment was not demanded of the endorser until September 14, 1937, or a year and some days after the endorsement. The trial court also made the following findings in which we are interested:

"No. 4. Between the date of the execution of said notes and formal demand for payment, the plaintiff Daniel talked to defendant Murphy about the possibility of collection. The places and dates of such conversations are not in the record, but it appears that one of said conversations was about the month of March, 1937, and in response to such conversation defendant Murphy consulted defendants Baker and reported back to plaintiff that said Bakers were not able to pay said notes at said time, and that he, himself, was not able to do so.

"No. 5. Formal presentment at the Santa Fe State Bank and demand for payment of said notes was made on September 14, 1937. Said notes were not paid by the makers thereof, and notice of such presentment and demand was given defendant A. R. Murphy thereafter and on September 14, 1937. Said notes are at this time unpaid.

"No. 6. At all times after the execution of said notes the defendants Baker were financially embarrassed and unable to meet their obligations, which fact was generally known in the community.

"No. 7. During the time from the execution of said notes to the present time the business of the defendant Murphy has not been profitable, and he has not been in a position to conveniently pay said notes.

"No. 8. All of the parties to this litigation live in and about the city of Sublette, Kan., and communication between them or among them could be had easily and promptly.

"No. 9. At the time of the negotiations leading up to the execution of plaintiff's exhibits 1 and 2, defendant Murphy told plaintiff that neither him-

self nor defendants Baker were in a position to pay said notes at said time or in the very near future."

The court also made the following conclusions of law:

"Presentment, demand and notice of dishonor were made within a reasonable time, under all of the circumstances of this case, and plaintiff should have judgment according to the terms of said notes."

Judgment was rendered against the defendant endorser in the amount prayed for. The endorser appeals from that judgment and from the order overruling defendant's motion for a new trial. It will be seen that the notes were presented and payment demanded twelve months and twenty days after the endorsement.

Defendant points out G. S. 1935, 52-702. That section provides as follows:

"Where the instrument is not payable on demand, presentment must be made on the day it falls due. Where it is payable on demand, presentment must be made within a reasonable time after its issue, except that in the case of a bill of exchange, presentment for payment will be sufficient if made within a reasonable time after the last negotiation thereof."

He also points out the provisions of G. S. 1935, 52-104. That section provides as follows:

"In determining what is a reasonable time or an unreasonable time, regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case."

Defendant argues that a few days over a year is an unreasonable time for the holder of the notes in question to wait before he presented them for payment. A vigorous argument is made that there is nothing in this case in the nature of the instrument or the usage of the trade or business which would have any bearing on the time within which the instrument should be presented. It is true such is the case. However, there is a further provision in the statute. The "facts of the particular case" are also to be considered in determining what is a reasonable time. When we do that here we find that the financial situation of the makers, as well as that of the endorser of these notes, at all times involved, was well known to the plaintiff. The trial court found that the plaintiff was told by the endorser of the notes during the year before the note was presented that neither the makers of the notes nor the endorser would be able to pay them for some time. It would hardly be reasonable to say that under such circumstances the holder of the note should go through the formality of presenting the note for payment when he knew

beforehand that payment would be refused.  It is such a situation to which the rule laid down in 10 C. J. S. 857 applies.  There it is said:

"To determine the reasonableness of the time for the presentment of demand paper, the nature of the paper, trade usage, and the surrounding circumstances must be considered.  . . ."

In compliance with the statute, circumstances such as these should be considered.  They were considered by the trial court and a conclusion was reached that the notes were presented within a reasonable time.  We have concluded that the judgment was correct.

The judgment of the trial court is affirmed.

HUTCHISON, J., not sitting.